EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

CRAIG H. NAKAMURA
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                        )<br>            Plaintiff,                 )<br>                                        )<br>     vs.                                )<br>                                        )<br>ARLENE NII,                   (01)      )<br>   a/k/a Arlene Maupuana                )<br>        Estacion,                      )<br>TRACY KUHNS,                  (02)      )<br>                                        )<br>            Defendants.                 )<br>_____) | CR. NO. CR02-00346<br><br>INDICTMENT<br><br>[18 U.S.C. §§ 1341 and 2] |

INDICTMENT

The Grand Jury charges that:

COUNTS 1 THROUGH 2

1.   At all times material to this Indictment:

     a.   Defendants ARLENE NII, also known as Arlene Maupuana Estacion, and TRACY KUHNS did business as, or were associated with, HomeSavers-Hawaii or Hawaii International

Funding Company.

        b.    Defendants ARLENE NII and TRACY KUHNS engaged in a fraudulent "advance fee" scheme. As part of this scheme, Defendants promised to assist clients in arranging for loans if the clients would pay Defendants a fee "up front" and in advance. Defendants represented that these advance fees would be refunded if Defendants were unable to arrange for the loans. After obtaining the advance fee payments, Defendants did not secure loans for their clients. Defendants also did not refund the advance fee payments when requested by their clients.

        2.    From a precise date unknown to the Grand Jury, but by in or about August of 1997 and continuing thorough at least June of 1998, in the District of Hawaii and elsewhere, Defendants ARLENE NII, also known as Arlene Maupuana Estacion, and TRACY KUHNS, and others, devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, which scheme and artifice is described in substance below:

## THE SCHEME AND ARTIFICE

        3.    It was part of the scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, that Defendants ARLENE NII and TRACY KUHNS did a number of things,

including the following:

      a.   Defendants ARLENE NII and TRACY KUHNS would seek out as clients, individuals who were facing foreclosure of the mortgages on their homes. Defendants mailed solicitation letters to these individuals, including people that the Pacific Business News had reported were the subjects of foreclosure lawsuits. Defendants represented in the solicitation letters that they provided housing counseling services to clients, and that their purpose was to assist homeowners who were delinquent in their mortgage payments by stopping or avoiding the foreclosure process.

      b.   Defendants ARLENE NII and TRACY KUHNS would also seek out as clients, individuals who needed or wanted loans for reasons besides avoiding foreclosure of their home mortgages. Defendants acquired clients through a variety of methods, including solicitation letters, word of mouth, and referrals.

      c.   Defendants ARLENE NII and TRACY KUHNS would fraudulently promise and represent to their clients that Defendants were able to arrange for loans from private investors. Defendants ARLENE NII and TRACY KUHNS would require their clients to pay them fees "up front" and in advance, in return for Defendants' assistance in arranging for the loans. In certain instances, Defendants fraudulently represented that the clients' payment of the advance fee would essentially guarantee or ensure

the clients' receipt of the loans.  Defendants fraudulently promised their clients that the advance fee payments would be refunded if Defendants were unable to secure the loans.

　　　　d.　Despite collecting advance payments from dozens of clients, Defendants ARLENE NII and TRACY KUHNS would not arrange for or secure loans for them.

　　　　e.　After obtaining the advance payments from clients, Defendants ARLENE NII and TRACY KUHNS would communicate and correspond with clients, or cause communications and correspondence to be made, for the purpose of lulling and delaying clients from taking action to demand the refund of their advance payments or to otherwise enforce their rights.

　　　　f.　Defendants ARLENE NII and TRACY KUHNS would fraudulently advise clients that their loan requests had been approved and that the loan agreements had been drawn.  In fact, the loans had not been approved.  In addition, no loan proceeds were provided to the clients.  When the clients complained about not receiving their loan proceeds, Defendants would stall them with false assurances that the loan proceeds would be provided in the near future.

　　　　g.　In certain instances, Defendants would falsely represent that the loan proceeds would be provided sooner if clients made additional payments.

4

    h. Through their scheme and artifice, Defendants ARLENE NII and TRACY KUHNS fraudulently obtained thousands of dollars in advance fee payments and other funds from numerous clients.

    i. When no loans were secured and the clients finally demanded refunds of their advance payments, Defendants ARLENE NII and TRACY KUHNS would fraudulently promise to return the advance payments. Defendants, however, would not return the advance payments as promised.

    j. During the course of their fraudulent scheme, Defendants ARLENE NII and TRACY KUHNS made numerous material false and fraudulent representations and promises to induce clients to give them money, including, but not limited to, the following:

    i) Defendants were experienced and successful in obtaining loans for clients.

    ii) A lot of attorneys who practice bankruptcy referred cases to Defendants for assistance.

    iii) If loans were not obtained, Defendants would refund the clients' advance payments.

    iv) Clients' loan requests had been approved and the loan agreements had been drawn.

    v) Loan funds were forthcoming or would be available by a certain date.

    vi) Refunds of advanced payments were forthcoming, had or would be placed in

the mail, or would be paid by a certain date.

4. On or about the dates set forth below, in the District of Hawaii and elsewhere, Defendants ARLENE NII, also known as Arlene Maupuana Estacion, and TRACY KUHNS, for the purpose of executing, and attempting to execute, the scheme and artifice described in Paragraphs 1 through 3 above, did knowingly cause to be delivered by mail according to the directions thereon to the addresses set forth below, letters soliciting homeowners to call HomeSavers-Hawaii for assistance in stopping or avoiding foreclosure, with each mailing set forth in tabular form below constituting a separate count of this Indictment:

| Count | Date | Homeowner | Address |
|---|---|---|---|
| 1 | 9/5/97 | Ed and Diedra T. | 95-510 Wikao Street, J106, Mililani, Hawaii 96789 |
| 2 | 11/7/97 | Myrtlemae B. | 7007 Hawaii Kai Drive, Apt. A12, Honolulu, Hawaii 96825 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 3 THROUGH 8

5. Paragraphs 1 through 3 of this Indictment are realleged as if fully set forth herein.

6. On or about the dates set forth below, in the District of Hawaii and elsewhere, Defendants ARLENE NII, also

known as Arlene Maupuana Estacion, and TRACY KUHNS, for the purpose of executing, and attempting to execute, the scheme and artifice described in Paragraphs 1 through 3 of this Indictment, did knowingly cause to be delivered by mail according to the directions thereon to the addresses set forth below, checks reflecting payments by clients to HomeSavers-Hawaii or Hawaii International Funding Company, with each mailing set forth in tabular form below constituting a separate count of this Indictment:

| Count | Date | Client | Check Amount | Address |
|---|---|---|---|---|
| 3 | 11/7/97 | David M. | $2,000 | P.O. Box 6514 Kaneohe, Hawaii 96744 |
| 4 | 11/12/97 | Richard C. | $5,000 | c/o Dwight P. P.O. Box 1068 Aiea, Hawaii 96701 |
| 5 | 12/1/97 | Sheldon G. | $2,500 | c/o Dwight P. P.O. Box 1068 Aiea, Hawaii 96701 |
| 6 | 12/11/97 | Robert P. | $4,500 | P.O. Box 6514 Kaneohe, Hawaii 96744 |
| 7 | 12/29/97 | KevinLee and Raynette K. | $750 | P.O. Box 6514 Kaneohe, Hawaii 96744 |
| 8 | 01/06/98 | Gloria and Herman P. | $100 | P.O. Box 6514 Kaneohe, Hawaii 96744 |

All in violation of Title 18, United State Code, Sections 1341 and 2.

### COUNT 9

7. Paragraphs 1 through 3 of this Indictment are realleged as if fully set forth herein.

8. On or about the date set forth below, in the District of Hawaii and elsewhere, Defendants ARLENE NII, also known as Arlene Maupuana Estacion, and TRACY KUHNS, for the purpose of executing, and attempting to execute, the scheme and artifice described in Paragraphs 1 through 3 of this Indictment, did knowingly cause to be delivered by mail according to the directions thereon to the address set forth below, a letter advising a client that his loan request had been approved,

//
//
//
//
//
//
//
//
//
//
//

with each mailing set forth in tabular form below constituting a separate count of this Indictment:

| Count | Date | Client | Address |
|---|---|---|---|
| 9 | 11/25/97 | David M. | 984 Konia Place<br>Kihei, Maui, Hawaii 96753 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

DATED: ___8/14___, 2002, at Honolulu, Hawaii.

A TRUE BILL

/s/

_____
FOREPERSON, Grand Jury

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

_____
CRAIG H. NAKAMURA
Assistant U.S. Attorney